In the United States District Court
for the Southern District of Georgia
Savannah Division

FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 MAY 10 A 11: 14

TONY B. RILEY, : CIVIL ACTION

    Petitioner, :

        v. :

UNITED STATES OF AMERICA, :

                                   NO. CV499-177

    Respondent. : (NO. CR495-010-16)

## O R D E R

On June 8, 1995, Tony B. Riley was convicted of conspiracy to possess, with intent to distribute, powder and crack cocaine, in violation of 21 U.S.C. §§ 841 & 846. Presently before the Court is Riley's motion to reduce his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). Because subsequent changes to the Sentencing Guidelines more accurately punish Riley's degree of culpability, the motion will be **GRANTED**.

**BACKGROUND**

Riley was an accomplice to a large drug distribution conspiracy in the Savannah, Georgia, area. The evidence at trial showed that Riley counted money, weighed drugs, and provided advice to Michael Woodard, the leader of the criminal enterprise. In return for Riley's assistance, he received small quantities of crack cocaine for his own use. At sentencing, the Court determined that Riley's criminal history was in the Category I range, and his base offense level was determined to be thirty-eight. Riley was given a two-level enhancement for obstruction of justice because the Court determined that he attempted to minimize his actions by lying under oath. Riley was sentenced at the low end of the applicable Guidelines range, to 292 months in prison.

Since then, Riley has challenged his conviction and term of incarceration with persistence, if not success. To briefly summarize the procedural history of the case, after the sentence was imposed, Riley's conviction was upheld on appeal. United States v. Riley, 142 F.3d 1254, 1255 (11th Cir. 1998). The court of appeals rejected Riley's argument regarding the Government's failure to charge in the indictment whether crack

AO 72A
(Rev. 8/82)

or powder cocaine was involved in the crime, or what drug quantity was implicated in the scheme. Id. at 1255-59.

In a habeas corpus petition pursuant to 28 U.S.C. § 2255, Riley renewed these arguments, and also asserted that he had received ineffective assistance of counsel during his trial and sentencing. Riley maintained that his lawyer made mistakes by failing to object to the Court's jury instructions on aiding and abetting, by failing to request jury instructions regarding his drug addiction, and by failing to contest his obstruction of justice enhancement. The Court rejected these arguments, and denied habeas corpus relief. Next, in a motion under Federal Rule of Civil Procedure 59(e), Riley reasserted previous arguments, to no avail. Later, in a motion under Federal Rule of Civil Procedure 60(b), Riley argued that the Court lacked subject matter jurisdiction over his case under Apprendi v. New Jersey, 530 U.S. 466 (2000). This argument was also rejected.

Then, the Eleventh Circuit denied Riley's attempt to file a successive habeas corpus petition. Subsequently, Riley moved for relief from his sentence under Federal Rule of Criminal Procedure 35(a), arguing that he was sentenced above the applicable statutory maximum. This motion was denied, as was

Riley's motion under Federal Rule of Criminal Procedure 36 to correct a clerical error in the sentence. The Eleventh Circuit affirmed the Court's denial under Rule 36. Undeterred, Riley moved to reduce his sentence under 18 U.S.C. § 3582(c)(2), arguing that Amendment 591 to the Sentencing Guidelines applied retroactively to his sentence. The Court rejected Riley's argument, finding Amendment 591 inapplicable to Riley's sentence. Riley's most recent unsuccessful attempt to gain an early release from prison was styled a "nunc pro tunc" motion, pursuant to Blakely v. Washington, 124 S. Ct. 2531 (2004).

Presently before the Court is Riley's letter brief, in which he moves for a reduction of sentence pursuant to the "Compassion Rule," and United States v. Booker, 125 S.Ct. 738 (2005).

**DISCUSSION**

I. **The Rule of Lenity Does Not Apply to Riley's Case**

Riley cites to no case or statute describing the "Compassion Rule," and the Court cannot find any reference to such a rule among the binding, or persuasive, legal authorities. Additionally, the rule of lenity affords the prisoner no relief from his sentence. That rule describes

4

"[t]he judicial doctrine holding that a court, in construing an ambiguous criminal statute that sets out multiple or inconsistent punishments, should resolve the ambiguity in favor of the more lenient punishment." Black's Law Dictionary 1359 (8th ed. 2004).

As far as the Court can determine, Riley's complaint under the rule of lenity is that he was sentenced pursuant to 21 U.S.C. § 841(b)(1)(a), which provides for a term of incarceration of ten years to life imprisonment, rather than pursuant to 21 U.S.C. § 841(b)(1)(c), which carries a maximum sentence of twenty years in the penitentiary. Riley objects to his sentence because he asserts that the evidence against him showed only that he aided and abetted the conspiracy and, as a result, he argues that he should not be sentenced as a principal conspirator.

The Court must reject this argument. The fact that there could be some theoretical disagreement among jurists as to whether an accomplice to a conspiracy may be liable as a party to a conspiracy does not mean that the statute itself is ambiguous.[1] Rather, it is the legal principles involved that

---

1   See, e.g., United States v. Galiffa, 734 F.2d 306, 309-311 (7th Cir. 1984).

(continued...)

are debatable, and the rule of lenity is inapplicable in such a situation.

## II. Riley's Sentence Is Not Unconstitutional Under Booker

Riley also asserts that his sentence is unconstitutional under the Supreme Court's recent decision in United States v. Booker, 125 S.Ct. 738 (2005). In Booker, the Court held that the mandatory nature of the Sentencing Guidelines rendered them unconstitutional under the Sixth Amendment. 125 S.Ct. at 750,

---

(...continued)
A leading commentator explains the matter with the following example:

> Is it possible for a person to become a party to the crime of conspiracy even in the absence of any agreement on his part? The question is deliberately stated in this way, for the inquiry is whether the principles applicable in determining whether one is a party to a substantive crime are also applicable to conspiracy. As we shall see it is possible for one to become party to a crime directly committed by another without there being any agreement or communication of any kind between the two persons. For example, A is an accomplice to murder if, knowing that B and C have set out to kill D, he prevents a warning from reaching D, and this is so even though A's actions were not by preconcert with B and C and did not become known to B and C prior to the killing. This is because A actually aided in the murder of D and rendered the aid with intent that D be killed. But, on these facts may it be concluded by like analysis that A is a member of a conspiracy with B and C because A knew of the conspiracy and intentionally gave aid to the conspiratorial objective?
>
> The Supreme Court has assumed without deciding the issue that the answer is yes, and other courts have taken the position that aiding a conspiracy with knowledge of its purposes suffices to make one a party to the conspiracy.

Wayne R. LaFave, Substantive Criminal Law § 12.2(a) (internal footnote references omitted).

6

756-57. The Court reasoned that sentencing judges could not increase a defendant's sentence above the applicable Guidelines range based on the facts neither found by the jury, nor admitted by the defendant. Id. at 749-50. That is, the Court disapproved of the practice whereby a sentencing judge, using a preponderance of the evidence standard, increases a defendant's sentence over the otherwise applicable Sentencing Guidelines range based on disputed facts, whether those facts were charged in an indictment, or found in a presentence report. The Court remedied the constitutional deficiency by excising § 3553(b)(1) from the Sentencing Reform Act, which had the effect of making the federal Sentencing Guidelines advisory. Id. at 756-57.

As Riley notes, the indictment against him failed to charge a drug quantity or type, and the Court determined these matters at sentencing based on a preponderance of the evidence. Moreover, at sentencing, the Court, unaided by a jury, found that Riley had obstructed justice based on a preponderance of the evidence. Yet, these infirmities do not make Riley's sentence unconstitutional because his case is no longer on direct review. Id. at 769; In re Anderson, 396 F.3d 1336, 1338-40 (11th Cir. 2005).

**III.      Riley's Sentence Is Due to Be Modified Under § 3582**

Nonetheless, in reviewing the record in the case, and in light of recent amendments to, and the advisory nature of, the Sentencing Guidelines, the Court finds that it would sentence Riley to a different term of incarceration if the case were before it today.

Riley's limited participation in the crime would qualify him for a two level reduction in sentence, pursuant to § 3B1.2(b) of the U.S. Sentencing Guidelines Manual. Under the current version of § 2D1.1(a)(3), Riley's offense level would be an additional four levels lower. U.S. Sentencing Guidelines Manual, Supp. to App. C, Am. 668 (2004). At an offense level of thirty-four, Riley's range in punishment would be 151 to 188 months imprisonment.

Title 18 U.S.C. § 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C.

994 (o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if such a reduction is consistent with applicable

8

policy statements issued by the Sentencing Commission. Turning to the factors listed in § 3553(a), the Court first considers the "nature and circumstances of the offense." 18 U.S.C.A. § 3553(a)(1) (2000). Riley was sentenced as a party to the conspiracy based on his actions as an accomplice to the crime. During the conspiracy, Riley counted money, weighed drugs, and provided advice to Woodard. In exchange, Riley received crack cocaine for his personal use.

Under this subsection, the Court must also take into account the history and characteristics of the defendant. According to Riley's criminal history category, he was not a habitual offender, or one who had serious run-ins with the law in the past. Moreover, the evidence is consistent with Riley's explanation that he performed "favors" to feed his crack addiction. On the other hand, the Court does not ignore the fact that Riley's assistance helped a large crack distribution enterprise operate successfully in this District for a considerable period of time.

Under § 3553(a), the Court must also consider

the need for the sentence imposed —
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;

>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C.A. § 3553(a)(2) (2000).

The Court concludes that Riley was a minor participant in a serious criminal scheme. In considering what constitutes a just punishment for his offense, the Court notes that Riley has already served about ten years of his sentence. In contrast to Riley's 292 month term of incarceration, the leader of the conspiracy, Woodard, was sentenced to a term of imprisonment of 265 months. It is unjust that a minor participant, whose criminal motive was to use drugs, rather than profit from their sale, was sentenced to a longer term of incarceration than the leader of the conspiracy. 18 U.S.C.A. §§ 3553(a)(2)(A) (2000).

The Court concludes that the new Guidelines range of 151 to 188 months imprisonment provides an adequate deterrent to Riley's conduct, and protects the public from the kind of law-breaking of which he was convicted. 18 U.S.C.A. §§ 3553(a)(2)(B) & (C) (2000). Additionally, the ends of rehabilitation would not be served by imposing a longer term of incarceration than that contemplated by the current Guidelines. 18 U.S.C.A. §§ 3553(a)(2)(D).

AO 72A
(Rev. 8/82)

The Court has considered the kinds of sentences available, and the applicable Guidelines range that was in effect on Riley's date of sentencing, 292 to 365 months imprisonment. 18 U.S.C.A. §§ 3553(a)(3) & (4)(A) (2004 Supp. & main vol.). The Court has also taken into account the pertinent policy statements of the Sentencing Commission in effect on that date. 18 U.S.C.A. §§ 3553(a)(5) (2004 Supp.). Those policy statements expressed the view that the Commission's amendments to the Sentencing Guidelines had to be designated specifically as having retroactive application, or be of a "clarifying," as opposed to a "substantive," nature, to apply retroactively. U.S. Sentencing Guidelines Manual §§ 1B1.10(a) & (c), 1B1.11(b)(2) (1994).

Finally, the Court has taken into account the need to avoid unwarranted sentencing disparities between Riley and the others convicted in the criminal scheme at issue. 18 U.S.C.A. §§ 3553(a)(6) (2000). The terms of incarceration in the instant case ranged from 292 months for Riley, to 265 months for Michael Woodard, 235 months for Melvin Cleveland, 165 months for Joseph D. Mobley, 148 months for Marcus Irwin, and 74 months for Arthur Johnson. Riley's limited participation

AO 72A
(Rev. 8/82)

in the scheme counsels in favor of imposing the range of imprisonment contemplated under the current Guidelines.

Considering all these factors, the Court determines that it will adjust Riley's sentence to account for his role as a minor participant in the crime. Post-Booker, the Court need only consider, but is not bound by, the Sentencing Guidelines. This is true whether the applicable Guidelines issue involves the range in punishment or the policy preferences expressed by the Commission.

Indeed, the Court is taking the advice of the current Guidelines in reaching its conclusion. The Court determines Riley's sentence shall be reduced according to Amendment 668, which became effective on November 1, 2004. U.S. Sentencing Guidelines Manual, Supp. to App. C, Am. 668 (2004). Moreover, the Court concludes that a term of incarceration at the low end of the applicable Guidelines range is appropriate, and will impose a sentence of 151 months imprisonment.

AO 72A
(Rev. 8/82)

## CONCLUSION

For the reasons explained above, Riley's motion is **GRANTED**. Riley's term of incarceration is hereby reduced to a term of incarceration of 151 months.

**SO ORDERED**, this _16th_ day of May, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)

# United States District Court
## Southern District of Georgia

RILEY

vs

USA

CASE NUMBER CV499-177

DIVISION SAVANNAH

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 5/10/05, which is part of the official record of this case.

Date of Mailing: 5/10/05

Date of Certificate [X] same date, or _____

Scott L. Poff, Clerk

By: _____
Sherry Taylor, Deputy Clerk

**Name and Address**

Amy Lee Copeland
Fred Kramer
Tony Riley, 08758-021, FCI Estill, P.O. Box 599, Estill, SC 29918

[ ] Copy placed in Minutes
[ ] Copy given to Judge
[X] Copy given to Magistrate