In the United States District Court
for the Southern District of Georgia
Savannah Division

FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 JUN -7 A 10: 03

CLERK
S. DIST. OF GA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| v. | : | |
| TONY B. RILEY, | : | |
| | | NO. CR495-010-16 |
| Defendant. | : | (NO. CV499-177) |

### O R D E R

On June 8, 1995, Tony B. Riley was convicted of conspiracy to possess, with intent to distribute, powder and crack cocaine, in violation of 21 U.S.C. §§ 841 & 846. Presently before the Court is the Government's motion for reconsideration of the Court's Order reducing Riley's sentence. The motion will be **DENIED**.

### DISCUSSION

On May 10, 2005, the Court ruled, pursuant to 18 U.S.C. § 3582(c)(2), that Riley's sentence was due to be reduced because of a recent change to the Sentencing Guidelines. U.S. Sentencing Guidelines Manual, Supp. to App. C, Am. 668 (2004).

AO 72A
(Rev. 8/82)

In its motion for reconsideration, the Government argues that § 3582(c)(2) provides no "procedural mechanism" for Riley's "Booker claim," and that his motion is actually a successive habeas corpus motion.

The Government cites to United States v. Joseph, No. 04-13804, 2005 WL 1038766 (11th Cir. 2005), to support its argument that there is no procedural mechanism under the statute for Riley's claim. The Court concludes that the Government's reliance on Joseph is misplaced.

In Joseph, the Eleventh Circuit explained that:

> Before deciding to reduce a defendant's sentence under § 3582(c)(2), the court must (1) "substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed;" and (2) "consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence." Vaultier, 144 F.3d at 760. "Both the language of § 3582(c)(2) and this circuit's precedent indicate that the sentencing court's power to reduce a sentence is discretionary." Id. Section 3553(a) provides that, in imposing a sentence, the district court must consider factors including the nature and circumstances of the offense, and the need for the sentence to protect the public from further crimes of the defendant.

Id. at *3.

The Court completed the analysis described in Joseph in its prior order. The Government argues that Joseph stands for the proposition that United States v. Booker, 125 S.Ct. 738

2

(2005), is "inapplicable" to cases under § 3582. The Court agrees that Riley cannot use § 3582 to attack the constitutionality of his sentence by way of Booker, but then, the Court has already concluded as much. Joseph, 2005 WL 1038766 at *3 (explaining that Booker "is not a means to attack the constitutionality of a sentence"); Doc. No. 604 at 6-7. Consequently, Joseph is distinguishable from the facts presented here.

Under 18 U.S.C. § 3582,

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994 (o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The Court has considered the factors listed under § 3553(a), and has determined that Riley's term of incarceration should be reduced to account for his role as a minor participant in the crime. Central to the Court's conclusion that such a course is appropriate under the circumstances of this case is its finding that the Court "need only consider,

3

but is not bound by, the Sentencing Guidelines. This is true whether the applicable Guidelines issue involves the range in punishment or the policy preferences expressed by the Commission." Doc. No. 604 at 12. The Government has offered no reason for the Court to reconsider that finding.

The Court rejects the Government's characterization of Riley's motion as a successive 28 U.S.C. § 2255 motion. Of course, it would be more convenient for the Government if Riley had to obtain permission from the court of appeals before filing his motion, but the Court finds that Riley was not obliged to do so.

Rather, Riley's claim is cognizable under § 3582, and the statute contains no such appellate certification requirements. Compare 28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain — (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral

4

review by the Supreme Court, that was previously unavailable.").

Riley's motion was not the "functional equivalent" of a habeas petition and, as a result, Petitioner has not circumvented the procedural requirements of the habeas corpus rules. Hill v. Hopper, 112 F.3d 1088, 1088-89 (11th Cir. 1997).

The Court also declines to adopt Riley's suggestion that Amendment 668 is of a clarifying, as opposed to a substantive, nature. If the Amendment clarified a previous Guidelines provision, then the Sentencing Commission would endorse its retroactive application. U.S. Sentencing Guidelines Manual § 1B1.11(b)(2) (2004).

As described in the Court's order reducing Riley's sentence, Amendment 668 worked a substantive change to prior law. Doc. No. 604 at 8. The Guidelines in effect at the time of Riley's original sentencing judged minor participants in drug trafficking schemes more harshly than the Guidelines do today. See U.S. Sentencing Guidelines Manual, App. C, Vol. II, Am. 640, Reason for Amendment (2003)("This part of the amendment responds to concerns that base offense levels derived from the Drug Quantity Table in §2D1.1 overstate the culpability of certain drug offenders who meet the criteria for

AO 72A
(Rev. 8/82)

a mitigating role adjustment under §3B1.2."); U.S. Sentencing Guidelines Manual, Supp. to App. C, Am. 668, Reason for Amendment (2004)("In order to address proportionality concerns arising from the 'mitigating role cap,' the amendment modifies §2D1.1(a)(3) to provide a graduated reduction for offenders whose quantity level under §2D1.1(c) results in a base offense level greater than level 30 and who qualify for a mitigating role adjustment under §3B1.2.").

However, because the Court is not bound by the Sentencing Guidelines, Riley's reduction in sentence is not precluded by the Court's determination that the Amendment is substantive in nature.

In sum, because the Court is unpersuaded by the Government's argument that § 3582 provides no procedural mechanism for reducing Riley's sentence, the Court's prior determination shall stand.

## CONCLUSION

For the reasons explained above, the Government's motion is **DENIED**.

**SO ORDERED**, this ____6th____ day of June, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA